IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 1:99-CR-46 (2) |
| vs. | |
| TEXAS MUNICIPAL RETILEMENT SYSTEM, Garnishee-Defendant, and SHERRY KAYE GAUTHIER, Judgment-Defendant. | |

## <u>REPORT AND RECOMMENDATION</u>

Pending is the Judgment-Defendant, Sherry Kaye Gauthier's, *pro se* Motion to Discontinue the Writ of Garnishment (Doc. No. 140) and Motion for Hearing (Doc. No. 141), and the Government's Motion for Entry of Final Order in Garnishment (Doc. No. 139). These matters were referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration and entry of proposed findings and recommended disposition. *See* 28 U.S.C. § 636(b)(1)(B); E.D. TEX. CRIM. R. 59(d).

## I.    BACKGROUND

Gauthier was ordered to make restitution to the victims of her criminal conduct in the amount of $77,630.24. (Doc. No. 95.) As of September 16, 2021, the principal balance of the unsatisfied restitution judgment is $58,428.96. On August 23, 2021, the United States moved for a Writ of Continuing Garnishment against Garnishee-Defendant, Texas Municipal Retirement System ("TMRS"). (Doc. No. 134.) United States District Judge Marcia Crone granted the Government's request on August 25, 2021, and the writ was subsequently issued ordering that

TMRS answer whether it had in its custody, control, or possession any property owned by Defendant Gauthier, or her spouse Michael Gauthier, Sr. (Doc. No. 136.) Gauthier was served with the Writ of Continuing Garnishment and other garnishment documents and filed her answer identifying a retirement account in the approximate value of $280,392.08. (Doc. No. 138.) The known retirement account is subject to the Writ of Continuing Garnishment to the extent of their present value in the amount of fifty percent (50%). Gauthier filed a *pro se* motion to discontinue the writ of garnishment and motion for hearing, which is the subject of this report and recommendation. (Doc. Nos. 140, 141.) The Government filed a response in opposition to Gauthier's request on September 29, 2021, claiming that Gauthier fails to provide a valid basis for exemption of the garnished property that would warrant a hearing or preclude garnishment of 50% of her husband's retirement account. (Doc. No. 143.)

## II. EXEMPTIONS DO NOT APPLY TO RETIREMENT ACCOUNTS

The victim restitution order entered against Gauthier is enforceable against *all* her property and rights to property, unless that property falls within a limited list of exceptions set forth in 18 U.S.C. § 3613(a). All other property is considered nonexempt for purposes of enforcement under the Mandatory Victim Restitution Act and Federal Debt Collection Procedures Act. Since this garnishment is being sought pursuant to federal law, any other exemptions that might be available under state law garnishment do not apply here.

Section 3613(a) states that "a judgment imposing a fine may be enforced against *all* property or rights to property of the person fined, except for property exempt from levy for taxes pursuant § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986." (*See* 26 U.S.C. § 6334(a)(1-8)(10)(12)); 18 U.S.C. § 3613(a) (emphasis added). This provision is specifically made applicable to orders of restitution in 18 U.S.C. § 3613(f). Thus,

the only exemptions from garnishment available to Gauthier in the context of her criminal victim restitution order are:

(1) wearing apparel and school books;

(2) fuel, provisions, furniture, and personal effects worth no more than $9,790 in value;

(3) books and tools of a trade, business, or profession;

(4) unemployment benefits;

(5) undelivered mail;

(6) certain annuity and pension payments under the Railroad Retirement Act, the Railroad Unemployment Insurance Act, and for military service;

(7) workman's compensation;

(8) judgments for support of minor children;

(9) certain service-connected disability payments; and

(10) assistance under the Job Training Participation Act.

26 U.S.C. § 6334(a)(1)-(8), (10), and (12).

The undersigned finds that these exemptions do not apply to Gauthier's spouse's retirement account held by TMRS.

### III. GAUTHIER'S REQUEST FOR A HEARING SHOULD BE DENIED

Section 3202(d) of the FDCPA provides that a judgment defendant may request a hearing in a garnishment proceeding only on the issues of:

(1) the probable validity of any claim of exemption by the judgment debtor;

(2) compliance with any statutory requirement for the issuance of the post judgment remedy granted; and

(3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provide a right to a hearing on the issue, to –

(A) the probable validity of the claim for the debt which is merged in the judgment; and

(B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d).

The victim restitution judgment at issue was not obtained through a default and Gauthier does not claim that the United States failed to comply with any statutory requirement for the issuance of the writ of garnishment here. Further, as discussed above, Defendant Gauthier has not claimed any of the allowable exemptions set forth in section 3613(a) of Title 18 and Section 3664(a)(1)-(8), (10) or (12) of Title 26.  Since Gauthier fails to raise any issue on which hearing is permissible under section 3202(d), the undersigned finds that a hearing is unwarranted and recommends denying her request for hearing (Doc. No. 141).

### IV.  FINAL ORDER IN GARNISHMENT SHOULD BE ENTERED

Based on the foregoing analysis, the undersigned finds that the court should issue a Final Order in Garnishment requiring the Garnishee-Defendant, TMRS, and its affiliates, successors, or assigns, to pay to the United States the property it has in its possession, custody, or control, including property coming into the TMRS's possession from the date it was served, up to the amount of the debt owed in this case, and to further order TMRS to pay to the United States at least monthly the lesser of:

1. Twenty-Five (25%) of Judgment-Defendant's spouse's disposable earnings, or

2. All amounts of Michael Gauthier, Sr.'s disposable earnings in excess of thirty times the federal minimum hourly wage.

*See* 15 U.S.C. § 1673(a).

4

In calculating disposable earnings, TMRS may only subtract the following from the wages, commission, and income:

    1. Federal Income Tax;

    2. Federal Social Security Tax;

    3. State Adjusted Income Tax (if applicable); and

    4. Medicare Withholding.

TMRS should not include deductions for health insurance, dental insurance, vision insurance, 401(k) or other types of voluntary deductions in determining disposable earnings. The payments should continue until the unpaid balance is fully paid and satisfied or until the liability to pay expires. *See* 18 U.S.C. 3613.  All payments should bear the Judgment-Defendant's name, Sherry Kaye Gauthier, and Court Number 1:99CR00046-002. Payments should be made payable to the United States District Court and mailed to the United States District Clerk, Fine and Restitution Section, 211 W. Ferguson, Room 106, Tyler, Texas 75702.

## IV. RECOMMENDATION

The undersigned finds that Gauthier's spouse's retirement funds are not exempt from garnishment and recommends denying her request to discontinue the writ of garnishment (Doc. No. 140.)  Moreover,  because these funds are not exempt, her request for a hearing on the merits (Doc. 141) should also be denied.  The undersigned recommends granting the Government's motion for entry of final order in garnishment (Doc. No. 139) and that the court issue a final order in garnishment with the aforementioned terms.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation.  Objections to this Report must (1) be in writing,

(2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

SIGNED this 28th day of October, 2021.

Zack Hawthorn
United States Magistrate Judge